## No. 3342

### Second Circuit

## STATE OF LOUISIANA EX REL. McCLANAHAN, SHERIFF, v. RIDGEWAY

(December 19, 1928. Opinion and Decree.)

Harry Fuller, of Winnfield, attorney for plaintiff, appellee.

C. P. Thornhill, of Columbia, attorney for defendant, appellant.

WEBB, J. The plaintiff, sheriff of the Parish of Caldwell, seized certain goods and merchandise belonging to defendant, Ridgeway, constituting his stock from which he was peddling, while traveling in a motor· vehicle in the said parish, and delivered the seized property to the District Court of Caldwell Parish, and following, the Sheriff proceeded by rule against defendant to recover judgment for the amount alleged to be due the State and Parish for peddler's license, together with a penalty or fee of twenty-five dollars, and for recognition of a privilege for the amount claimed on the merchandise seized and in the custody of the Court.

Defendant excepted to the citation on the ground that the Sheriff was interested to the extent of the penalty claimed, and that the service of the rule made by him through his deputy was void, under the provisions of Article 772, C. P., which being overruled, he alleged that he was a resident of and domiciled in the Parish of Ouachita, and that the Court was without jurisdiction ratione personae, which was tried and sustained as to the demand for personal judgment.

Following defendant answered, pleading in effect a general denial, and the cause being tried and submitted, judgment was rendered for the amount prayed for, the judgment being restricted, however, as to its effect to the property seized and in the custody of the Court, from which judgment defendant appealed, urging that the Court erred in overruling his exception to the citation and in failing to sustain the exception to the jurisdiction.

The exception to the citation was based on the theory that the Sheriff had an interest in the penalty, · and, therefore, that under the provisions of Article 772, of the Code of Practice, reading:

"The coroner is appointed to perform the duties of the sheriff, where that office is vacant, either by the death, resignation, or removal of the incumbent, until a successor has been appointed.

"The coroner also discharges the duties of the sheriff, whenever the latter is interested in a cause."

The citation was void.

The statute, paragraph (B), Section 18, Act 205 of 1924, as amended by Act 299 of 1926, provides that the sheriff, or other officer, seizing the merchandise of one engaged in peddling, who should fail to produce his license on demand, should receive a fee of $25.00, to be paid out of the merchandise seized. But the general law, Act 156 of 1920, which provides for the salaries to be received by the sheriff, provides that he shall account for all fees allowed him by law to the parish, and the fee which he claimed, we think,

was one for which he would have to account, as it was due by reason of the performance of a duty imposed upon the Sheriff by law, and therefore it cannot be said that the Sheriff was interested in the cause within the meaning of the law, requiring that in such cases service should be made by the coroner.

The exception to the jurisdiction was based upon Article 162, of the Code of Practice, which provides that one must as a general rule be sued before the Court having jurisdiction over the place of his domicile.

However, there are many exceptions to the general rule, dependent upon the nature of the action, and in the present instance, there were three causes of action: one for the license due the State, one for the license due the Parish, and another for the fee due the Sheriff. The latter was due by reason of the Sheriff having made the seizure of the merchandise of the defendant and delivering it into the custody of the Court, and was payable out of the property; and we are of the opinion that the demand for payment of the fee or penalty was properly brought before the Court having jurisdiction over the place where the property was seized and custody of the property out of which the payment was to be made. As to claim for licenses due the Parish and State, the evidence shows that defendant was conducting the occupation for which the licenses were claimed in the Parish of Caldwell, and in default of evidence showing that he was also carrying on the occupation in the parish of his domicile, or that he had paid the license in such parish, we are of the opinion that the claim for the State license, as well as the Parish license, was properly instituted in the Parish of Caldwell.

"A person may be compelled to pay a license tax in any parish where he is carrying on his profession or calling, whether it be his domicile or not, unless he can show payment in the parish of his domicile." Copella vs. Carradine, Sheriff, 19 La. Ann. 305.

In the present instance while the judgment was in rem bearing only against the property seized and in the custody of the Court, the action was for a personal judgment for the amount of the license taxes, and plaintiff, having acquiesced in the judgment, defendant did not have any cause to complain.

The judgment appealed from is therefore affirmed.